# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH A. CELSKY, JR., | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO.: |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, a/k/a PHEAA, | : |
| | : |
| | : *ELECTRONICALLY FILED* |
| Defendant. | : |

## COMPLAINT

Plaintiff, Keith A. Celsky, Jr., a resident of Cumberland County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above-named Defendant, Pennsylvania Higher Education Assistance Agency, a/k/a PHEAA, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* (the "ADAAA"), and 28 U.S.C. §§1331.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff, Keith A. Celsky, Jr. ("Plaintiff" or "Mr. Celsky"), is an adult individual residing at 71 Hummel Avenue, Lemoyne, Cumberland County, Pennsylvania.

4. Plaintiff is disabled as defined by the ADAAA.

5. Defendant, Pennsylvania Higher Education Assistance Agency, a/k/a PHEAA, is a corporation organized under the laws of Pennsylvania with its headquarters located in Harrisburg, Dauphin County, Pennsylvania.

6. At all times relevant and material hereto, PHEAA was an employer as defined in the ADAAA.

## ADMINISTRATIVE PROCEEDINGS

7. Mr. Celsky filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Case No. 530-2018-01929, with instruction to be cross-filed by the EEOC with the Pennsylvania Human Relations Commission ("PHRC") for purpose of dual filing.

8. Plaintiff has been advised of his right to sue in federal court by notice mailed October 3, 2018.

9. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

10. Mr. Celsky was hired by PHEAA as a Customer Service Representative in or about December 2013.

11. Mr. Celsky was later promoted to the position of Customer Service Lead, a position which he held for about two years prior to his termination on or about February 16, 2018.

12. When Mr. Celsky assumed the role of a Customer Service Lead, his duties generally included providing guidance, assistance and training to Customer Service Representatives, but did not include directly fielding customer calls.

13. Some time prior to June 27, 2017, Mr. Celsky was advised that he was going to have to be available to field customer phone calls, which he did for a period of time to the best of his ability; however, on or about June 27, 2017, Mr. Celsky developed severe anxiety with respect to fielding customer phone calls and had to leave early.

14. On or about June 30, 2017, Mr. Celsky was medically diagnosed with anxiety by his doctor, which affected his ability to communicate with others.

15. Mr. Celsky was also approved for intermittent leave under the Family and Medical Leave Act on or about June 30, 2017, due to his own serious health condition related to his anxiety.

16. Between June 2017 and October 2017, Mr. Celsky missed work intermittently due to his anxiety, specifically when he would be required to field customer calls; however, Mr. Celsky's FMLA leave was exhausted in or about October 2017.

17. Despite exhausting his FMLA leave, Mr. Celsky continued to miss approximately twenty to twenty-four hours per week of work when he was required to field customer calls, a situation which continued until Mr. Celsky was terminated on or about February 16, 2018.

18. In a letter from PHEAA's Human Resources department to Mr. Celsky dated October 12, 2017, PHEAA acknowledged that Mr. Celsky had requested an accommodation due to his medical condition, and asked that his treating physician complete a questionnaire.

19. Mr. Celsky's physician completed PHEAA's Health Care Provider Questionnaire, which was signed and dated October 17, 2017.  In the questionnaire, Mr. Celsky was identified as suffering from depression and anxiety. Mr. Celsky's physician stated that Mr. Celsky may be able to work but would likely have to avoid using the phone to communicate.

20. In a letter from PHEAA's Human Resources department to Mr. Celsky dated November 29, 2017, PHEAA acknowledged that based upon Mr. Celsky's physician's statement that his medical condition substantially limited one or more major life activities, Mr. Celsky was considered disabled under the ADAAA. The letter also stated that Mr. Celsky's physician recommended that Mr. Celsky avoid using the phone to communicate, but PHEAA denied that request.

21. Although PHEAA identified phone communications as an essential function of the job of Customer Service Lead, Mr. Celsky was able to perform his job as a Customer Service Lead for well over a year a with very limited need to field customer calls. In fact, customer service calls were the job of the Customer Service Representatives who were supervised by Mr. Celsky, and were not an essential function of the Customer Service Lead.

22. PHEAA consistently denied Mr. Celsky the reasonable accommodation of not having to field customer service calls until ultimately PHEAA terminated Mr. Celsky's employment on February 16, 2018 for unsatisfactory attendance – a situation which was directly related to PHEAA's failure to accommodate Mr. Celsky.

23. Defendant's discrimination based upon Mr. Celsky's disability, including his termination, violated Mr. Celsky's rights under the ADAAA and the PHRA.

## COUNT I

### Violations of the ADAAA
### Failure to Provide Reasonable Accommodation

24. All prior paragraphs are incorporated herein as if set forth fully below.

25. Mr. Celsky is within the protective class of individuals as designated by the ADAAA because he was disabled as a result of his depression and anxiety.

26. Mr. Celsky's depression and anxiety substantially limits his ability to communicate with others.

27. Mr. Celsky was able to perform the essential functions of his job with or without a reasonable accommodation.

28. The ADAAA prohibits employers from discriminating against employees because of a disability, a record of a disability, and/or a perceived disability.

29. PHEAA violated the ADAAA by denying Mr. Celsky's request for a reasonable accommodation. This led to Mr. Celsky missing work, oftentimes without pay.

30. PHEAA further violated the ADAAA and committed illegal discrimination by terminating Mr. Celsky because of his absences which were directly related to PHEAA's failure to accommodate.

31. The illegal discrimination is based on whole or in part upon Mr. Celsky's disability.

32. As a direct and proximate result of the conduct of PHEAA in violating the ADAAA by discriminating against Mr. Celsky on the basis of his disability, Mr. Celsky has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, Keith A. Celsky, Jr., respectfully requests that this Honorable Court declare the conduct engaged in by Defendant, Pennsylvania Higher Education Assistance Agency, a/k/a PHEAA, to be a violation of his rights under the ADAAA, and award all compensatory damages, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, liquidated damages for intentional, willful, malicious, reckless, outrageous conduct, damages for emotional distress, punitive damages, reasonable attorneys' fees and costs incurred herein, and any pre and/or post judgment interest on all money awarded in damages for delay.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

                        Respectfully submitted,

                        **McCarthy Weisberg Cummings, P.C.**

| | |
|---|---|
| <u>December 21, 2018</u><br>Date | */s/ Larry A. Weisberg*<br>Larry A. Weisberg (PA 83410)<br>smahan@mwcfirm.com<br><br>Derrek W. Cummings (PA 83286)<br>dcummings@ mwcfirm.com<br><br>Stephen P. Gunther (PA 324203)<br>sgunther@ mwcfirm.com<br><br>Steve T. Mahan (PA 313550)<br>lweisberg@ mwcfirm.com<br><br>2704 Commerce Drive, Suite B<br>Harrisburg, PA 17110<br>(717) 238-5707<br>(717) 233-8133 (FAX)<br><br>*Counsel for Plaintiff* |